UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Thurman Dee Payne**, #16992-180, | C/A No. 0:07-804-TLW-BM |
| Petitioner, | |
| vs. | |
| | Report and Recommendation |
| **Michael Pettiford**, Warden, | |
| Respondent. | |

### Background

The petitioner, Thurman Dee Payne, proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner incarcerated at F.C.I. Bennettsville in Bennettsville, South Carolina. The respondent is apparently the warden who is his custodian.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972);



*see Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner's conviction was in the United States District Court for the Western District of Texas, where he pled guilty to, and was sentenced for, conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841.  Petitioner was sentenced as a career offender, with judgment allegedly being entered on April 10, 2002. Petitioner alleges that his attorney should have objected to career offender status, which petitioner states was based on a prior felony conviction in Arizona state court for "solicitation to possess equipment and chemicals to manufacture dangerous drugs."  Petitioner alleges that the Fifth Circuit Court of Appeals affirmed his conviction and sentence on August 20, 2003.

Prior to filing the petition before this Court, the petitioner alleges that he filed a § 2255 petition in the United States District Court for the Western District of Texas, which was dismissed on August 19, 2004. In this action, the petitioner requests that this Court "... vacate his sentence and remand this case with instructions to resentence petitioner without the career offender enhancement."  *See* Petition at p.7.  Petitioner further alleges that this is *not* the same ground for relief raised in his previous § 2255 petition, and that he is permitted to bring this claim under § 2241 because his circumstances fit within the § 2255 "savings clause."

The United States Congress created 28 U.S.C. § 2255 as the vehicle for federal prisoners to use when they seek to overturn their convictions and sentences.  *In re Vial*, 115 F.3d



1192, 1194 (4th Cir. 1997). Section 2255 requires that a federal prisoner file his habeas petition with the court which imposed the conviction and sentence unless § 2255 is "inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255. Further, "Petitioners are prevented from filing a § 2241 petition unless they fall within the savings clause of § 2255." *San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002).

Petitioner bears the burden of proving that the § 2255 remedy is inadequate or ineffective. Significantly for purposes of Petitioner's claim, the possibility that a claim under § 2255 may be found to be untimely or successive does not render the § 2255 remedy inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); *Manigault v. Lamanna*, No. 8:06-47-JFA-BHH, 2006 WL 1328780 at 4 (D.S.C. 2006). The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.*

The Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.



Petitioner has not alleged any facts or law to satisfy this three-prong savings clause test. Petitioner's assertion that his claim should be considered a sentencing guideline challenge does not save this petition. Such a claim is foreclosed by *In re Jones* as discussed above. *Id.* Additionally, even if a sentencing guideline challenge was not generally cognizable in a § 2255 petition, petitioner's argument that his trial counsel was constitutionally ineffective due to his failure to object to the career offender status at his sentencing could have been presented in his first § 2255 petition.

Therefore, because the petitioner is precluded from seeking relief under § 2241, this action should be dismissed without prejudice so as to allow the petitioner to file a request with the Fifth Circuit Court of Appeals to permit a successive § 2255 petition. *See also Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6 (1986) (a "petition raising grounds that were available but not relied upon in a prior petition" could be dismissed on the ground that the petitioner "ha[d] abused the writ."), *quoted in In re Taylor*, 171 F.3d 185, 187 (4th Cir.1999) (discussing pre-AEDPA law and recognizing that the AEDPA codified and extended "'judicially constructed limits on the consideration of second and successive applications for collateral relief.'" (citation omitted)).

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

4



petition and direct the clerk to notify the petitioner).

*The petitioner's attention is directed to the important notice on the next page.*

                Respectfully Submitted,

                Bristow Marchant
                United States Magistrate Judge

July 9, 2007
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

